DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
ANDREW GSCHWIND, State Bar #231700
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3973
Facsimile:    (415) 554-3837

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
and CHRISTOPHER MORRIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ANTHONY SHOBAYO,<br><br>           Plaintiff,<br><br>   vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, CHRISTOPHER MORRIS. and DOES 1-50,<br><br>           Defendants. | Case No. 09-CV-00697 MEJ<br><br>**ANSWER OF DEFENDANT CHRISTOPHER MORRIS TO PLAINTIFF'S COMPLAINT** |
|---|---|

Defendant Christopher Morris ("defendant" or "Officer Morris") responds to plaintiff's complaint allegations as follows:

    1.    Officer Morris lacks knowledge or information sufficient to admit or deny the allegations set forth in the first sentence of this paragraph. Further responding, Officer Morris does not know if plaintiff is in fact "African-American" but admits that plaintiff appears "black" or "African-American."

    2.    Officer Morris lacks knowledge or information sufficient to admit or deny the allegations set forth in this paragraph.

3. Officer Morris admits the allegations set forth in the first sentence of this paragraph. The second sentence sets forth a legal conclusion to which no response is required. Officer admits that he was acting in the course and scope of his employment with the San Francisco Police Department at the time of this alleged incident but denies the engaging in the "conduct described herein" as set forth in this sentence. Officer Morris denies the allegations set forth in the last sentence of this paragraph.

4. Officer Morris lacks knowledge or information sufficient to admit or deny the allegations set forth in this paragraph.

5. Officer Morris lacks knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and on this basis denies such allegations. Officer Morris, admits, however, that he was acting in the course and scope of his employment with the San Francisco Police Department at the time of this alleged incident.

6. Officer Morris lacks knowledge or information sufficient to admit or deny the allegations set forth in this paragraph.

7. Officer Morris incorporates by reference as if fully set forth herein, each of his responses set forth above.

8. Officer Morris responds that, upon information and belief, plaintiff was a taxi driver at the time of this alleged incident and admits that plaintiff was driving northbound on Larkin Street at the time of this incident but lacks knowledge or information sufficient to admit or deny the remaining allegations set forth in the first sentence of this paragraph. Officer Morris admits that two persons were in the rear of the cab when plaintiff's vehicle was pulled over.

9. Officer Morris admits the allegations set forth in the first sentence of this paragraph. Defendant denies the allegations set forth in the second sentence of this paragraph.

10. Officer Morris denies the allegations set forth in this paragraph except admits that he lawfully handcuffed plaintiff and told the two persons who had been in the taxicab that if they continued to interfere with his investigation they could be subject to arrest or citation.

11. Officer Morris denies the allegations set forth in this paragraph.

1  12. Officer Morris lacks knowledge or information sufficient to admit or deny the allegations set forth in this paragraph. Further responding, Officer Morris states that, at present, he is unsure what citations plaintiff received that day.

13. Officer Morris denies the allegations set forth in the first sentence of this paragraph. Officer Morris lacks knowledge or information sufficient to admit or deny the remaining allegations set forth in this paragraph.

14. Officer Morris incorporates by reference as if fully set forth herein, each of his responses set forth above.

15. Officer Morris denies the allegations set forth in this paragraph.

16. Officer Morris denies the allegations set forth in this paragraph.

17. Officer Morris incorporates by reference as if fully set forth herein, each of his responses set forth above.

18. Officer Morris denies the allegations set forth in this paragraph.

19. Officer Morris denies the allegations set forth in this paragraph.

20. Officer Morris denies the allegations set forth in this paragraph.

21. Officer Morris denies the allegations set forth in this paragraph.

22. Officer Morris incorporates by reference as if fully set forth herein, each of his responses set forth above.

23. Officer Morris denies the allegations set forth in this paragraph.

24. Officer Morris denies the allegations set forth in this paragraph.

25. Officer Morris denies the allegations set forth in this paragraph.

26. Officer Morris incorporates by reference as if fully set forth herein, each of his responses set forth above.

27. Officer Morris denies the allegations set forth in this paragraph.

28. Officer Morris denies the allegations set forth in this paragraph.

29. Officer Morris incorporates by reference as if fully set forth herein, each of his responses set forth above.

30. Officer Morris denies the allegations set forth in this paragraph.

1  31. Officer Morris denies the allegations set forth in this paragraph.

2  32. Officer Morris denies the allegations set forth in this paragraph.

## AFFIRMATIVE DEFENSES
## SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiffs fail to state facts sufficient to constitute a cause of action against any defendant.

### SECOND AFFIRMATIVE DEFENSE
(Assumption of Risk - Peril)

Defendant alleges that plaintiff/decedent realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the complaint herein; that plaintiff/decedent, voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by plaintiffs was caused by said risks which were accepted and voluntarily assumed by decedent, when engaging in said activity.

### THIRD AFFIRMATIVE DEFENSE
(Assumption of the Risk)

Defendant alleges that plaintiff/decedent had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the complaint herein; that plaintiff/decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint; and that the loss or damage, if any, sustained by the him was caused by said risks that were accepted and voluntarily assumed by him.

### FOURTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

Defendant alleges that the complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 *et seq*. and related statutes.

### FIFTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

Defendant alleges that the Complaint and each and every cause of action therein is barred because plaintiff/decedent failed to use reasonable diligence to mitigate damages allegedly sustained by them, and said failure bars or reduces the recovery, if any from defendants.

### SIXTH AFFIRMATIVE DEFENSE
(Defendants' Acts Not A Proximate Cause)

Defendant states that any act or omission on the part of the answering defendants, its agents or employees, was not the proximate cause of plaintiffs' injury.

### SEVENTH AFFIRMATIVE DEFENSE
(Denial of Damages)

Defendant denies that plaintiffs have been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any defendants.

### EIGHTH AFFIRMATIVE DEFENSE
(Immunity)

Defendant alleges the provisions of the California Tort Claims Act of the California Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County of San Francisco and its employees.

### NINTH AFFIRMATIVE DEFENSE
(Immunity)

Defendant claims the immunities under the applicable provisions of the Government Code, including without limitation sections 820.8, 830-835.4.

### TENTH AFFIRMATIVE DEFENSE
(Barred by Tort Claims Act and Failure to file Claim)

Defendant alleges that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, the complaint is barred by the following provisions of the California Tort Claims Act: Government Code Sections: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 80.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

### ELEVENTH AFFIRMATIVE DEFENSE
(Variance Between Tort Claim and Complaint)

Defendant alleges that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, plaintiffs' purported causes of action are limited to those factual allegations and theories of recovery set forth in plaintiffs' written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 911.2, 945.5, 950.2 and related provisions.

## TWELFTH AFFIRMATIVE DEFENSE
(Good Faith)

Defendant alleges that the employees, officials and agents of defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiffs may have is barred by law.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Estoppel)

By reason of plaintiffs' own acts and omissions, including the acts and omissions of plaintiffs are estopped from seeking any recovery from defendants by reason of the allegations set forth in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE
(Frivolous Action)

Plaintiffs' maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the defendants to sanctions and appropriate remedies (including without limitation attorney's fees) against plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE
(Res Judicata)

To the extent plaintiff's failure to file a claim bars this action, the Complaint and each cause of action therein is barred by the doctrine of *res judicata* and collateral estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE
(Proper Conduct)

ANSWER OF DEF. MORRIS
SHOBAYO V. CCSF Case No. 09-CV-00697 MEJ            6            n:\lit\li2009\090792\00540827.doc

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that at all times and places mentioned in the First Amended Complaint, defendant acted without malice and with a good faith belief in the propriety of its conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Acting in Good Faith)

As a separate and affirmative defense to the Complaint and to each and every allegation set forth therein, defendant alleges that at all times mentioned in the Complaint, defendants performed and discharged in good faith each and every obligation, if any, owed to plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE
(Privilege)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that its conduct at all times material herein was privileged and/or justified under applicable state and Federal law.

### TWENTIETH AFFIRMATIVE DEFENSE
(Immunities)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant asserts the various immunities conferred upon it pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Public Liability Act)

Defendant alleges the provisions of the Public Liability Act of the California Government Code as the sole and exclusive measure of defendant's duties and liabilities in this action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Immunity: Exemplary Damages)

Defendants allege that San Francisco, a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Plaintiff's Conduct Reckless and Wanton)

Defendants allege that at all times mentioned in plaintiff's Complaint herein, plaintiff/decedent acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; that as a consequence, plaintiff's claim is barred.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

(Discretionary Act Immunity)

Defendants allege that the act or omissions which plaintiff claims give rise to liability in this case were within the discretion of a San Francisco employee acting within the course and scope of his employment and, as a result, plaintiff's claim is barred by the discretionary act immunity contained in Government Code section 820.2 and its related provisions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Privilege)

Defendant alleges that if in fact any force was used by Defendant against the plaintiff/decedent herein said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Justified Use of Force)

The Complaint and each cause of action therein is barred because the use of force against the plaintiff/decedent by and the employees of the City, if any, was privileged and justified.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

Defendant alleges by way of a plea of comparative negligence that plaintiff/decedent was negligent in and about the matters and activities alleged in the Complaint; that plaintiff/decedent's negligence contributed to and was a proximate cause of plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against

San Francisco by virtue of the Complaint, San Francisco prays that the recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff/decedent.

### TWENTY- EIGHTH AFFIRMATIVE DEFENSE

(Arrest)

Defendant alleges that if in fact any force was used to effect the arrest of the plaintiff/decedent herein by the named defendants, such force was authorized and privileged pursuant to Sections 835 and 835a of the California Penal Code and as a proximate result thereof plaintiff is barred from any recovery herein for any alleged injury or damage if any there were.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Resisting Arrest)

Defendant alleges that plaintiff/decedent herein was under a duty pursuant to Section 834a of the California Penal Code to refrain from using force or a weapon to resist his arrest; that decedent breached his duty even though he knew or by the exercise of reasonable care should have known that he was being arrested by a peace officer; that as a direct and proximate result of decedent's breach of this duty he is barred from recovery for any loss or damage he may have incurred, if any there be.

### THIRTIETH AFFIRMATIVE DEFENSE

(Plaintiff/Decedent Assaulted Police)

Defendant alleges that at all times mentioned in plaintiff's Complaint herein, plaintiff/decedent willfully, wantonly, maliciously, and unlawfully committed a violent assault on the persons of the arresting officers; that it became and was necessary to use force on the person of the decedent to defend said arresting officers from said violent assault on their persons; that the injuries, if any, and damages, if any, incurred by decedent were proximately caused by the necessary use of said reasonable force on the person of decedent and not otherwise; and that by reason of decedent instituting said vicious and violent assault on the persons of said arresting officers, plaintiff's failure and refusal to desist from continuing said assault, and the consequent necessity to use reasonable force to defend said arresting officers from said assault, plaintiff's claim, if any, is barred by law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Prevent Injury/Escape)

Defendant alleges that no more force was used on plaintiff/decedent's person than was necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the officers and the public and to facilitate and safeguard a valid police investigation.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Qualified Immunity)

Defendant alleges that this lawsuit is barred, in whole or in part, by the doctrine of qualified immunity.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Immunity for Failure to Provide Medical Care to a Prisoner)

Defendant alleges that, under Government Code section 845.6, San Francisco is immune from liability for any inadequate medical care plaintiff may have received while in custody.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Immunity from Injury Caused by Person Resisting Arrest)

Defendant alleges that, pursuant to Government Code section 845.8, San Francisco is immune from liability as a matter of law for injury caused to plaintiffs by a person resisting arrest.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Immunity:  Exemplary Damages)

Defendant alleges that San Francisco, a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Failure to State Relief Under 42 U.S.C. 1983)

Defendant alleges that the plaintiff has failed to allege facts in the Complaint sufficient to state a claim for relief under 42 U.S.C. 1983 against San Francisco, its agents, employees and particularly its police officers.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

(City and County of San Francisco Not a Proper Party)

Defendant alleges that plaintiff has failed to allege sufficient, specific facts against San Francisco, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

(Mutual Combat)

Defendant alleges that plaintiff/decedent had full knowledge of the risks involved in the mutual combat activity in which he engaged and set forth in the complaint herein; that plaintiff/decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint, and that the loss or damage, if any, sustained by plaintiff/decedent was caused by said risks, which were accepted and voluntarily assumed by he when she engaged in said activity.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

(Self Defense)

Defendant alleges by way of a plea of self defense that defendant employee honestly and reasonably believed that plaintiff/decedent was about to inflict harm upon them and that the use of force, if any, was done reasonably and in self-defense.

**FORTIETH AFFIRMATIVE DEFENSE**

(No Breach of Duty)

Defendants further allege that they are not liable for any cause of action based in negligence, as they have breached no duty of care owed to plaintiff.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

(Barred by Tort Claims Act)

Defendant alleges that plaintiff failed to comply with the requirements of the California Tort Claims Act (California Government Code § 810 *et seq.*) – including but not limited to Gov't Code Sections: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 831.7;

840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 80.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4 – and therefore all claims of the plaintiff are barred.

Defendant reserves the right to claim any other affirmative defense heretofore not alleged through inadvertence, or as facts unknown to it develop through discovery or otherwise.

## REQUEST FOR RELIEF

WHEREFORE, Officer Morris prays for judgment as follows:

1. That plaintiff take nothing from defendant;
2. That the complaint be dismissed with prejudice;
3. That defendant recover costs of suit herein, including attorneys' fees; and
4. For such other relief as is just and proper.

Dated: February 26, 2009

                                DENNIS J. HERRERA
                                City Attorney
                                JOANNE HOEPER
                                Chief Trial Deputy

                                 /s/
                        By:_____
                                ANDREW M. GSCHWIND
                                Deputy City Attorney

                                Attorneys for Defendants City and County of San
                                Francisco and Christopher Morris

**SHOBAYO V. CCSF, ET AL.**

**PROOF OF SERVICE**

I, FOLASHADE ADESANWO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On February 26, 2009 I served the attached:

**ANSWER OF DEFENDANT CHRISTOPHER MORRIS TO PLAINTIFF'S COMPLAINT**

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

Edward C. Casey, Jr., Esq.
LAW OFFICES OF EDWARD C. CASEY JR.
300 Frank H. Ogawa Plaza, Suite 370
Oakland, CA  94111

Fax: (510) 251-2305

*Attorneys for Plaintiff*

and served the named document in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed February 26, 2009, at San Francisco, California.

/s/
FOLASHADE ADESANWO

---

Notice of Removal (Federal Court);
Bautista v. CCSF, et al.

n:\lit\li2009\090792\00540827.doc